**WEEDIN, Com'r of Immigration, v. CHIN BOW.***

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4442.

Citizens ⊗⇒9—Rights of citizenship "descend" to minor son of United States citizen, not residing here prior to son's birth but who subsequently became a resident of United States.

Foreign born son of citizen, who before son's birth had never resided in United States, *held* entitled to entry as citizen, where father had subsequently taken up residence in United States; Rev. St. § 1993 (Comp. St. § 3947), providing that rights of citizenship shall not descend to children whose fathers never resided in United States, being satisfied by such subsequent residence, and "descend" meaning "to pass down from generation to generation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Descend.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Chin Bow against Luther Weedin, Commissioner of Immigration at the Port of Seattle, Wash. From an order allowing the writ and discharging petitioner, defendant appeals. Affirmed.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Henry A. Monroe, of Seattle, Wash., and A. Warner Parker, of Washington, D. C., for appellee.

Fred H. Lysons, of Seattle, Wash., and George A. McGowan, of San Francisco, Cal., amicus curiæ.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order allowing a writ of habeas corpus and granting a discharge. The appellee applied for admission to the United States as a citizen thereof, and as the minor son of a citizen. His claim of citizenship is based on section 1993 of the Revised Statutes (Comp. St. § 3947) which provides: "All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

The government concedes that the appel-

lee is the minor son of a citizen of the United States, but disputes his own claim to citizenship, for the reason that his father never resided in the United States prior to the birth of the appellee, although the father has since become a resident and is now residing here. The application of the limitation found in the above section of the Revised Statutes to the facts before the court is the only question presented for our consideration. The statute refers to the descent of the rights of citizenship. The term "descend" has a well-defined meaning in law. As defined by Webster, it means: "To pass down, as from generation to generation, or from ancestor to heir." If the term "descend" is given that meaning in this connection, the status of the appellee would not become definitely fixed until his father became a resident of the United States or died without becoming such. In the former event he would become vested with all the rights of citizenship as soon as his father became a resident, while in the latter event his claim to citizenship would be forever lost. So far as we are advised, the limitation in question has never become the subject of judicial inquiry in any reported decision. The section was referred to incidentally in both the majority and dissenting opinions in United States v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890, although the direct question was not there involved. At page 691 (18 S. Ct. 473) the majority opinion quotes approvingly from an opinion of Secretary Fish to President Grant to the effect that section 1993 has conferred only a qualified citizenship upon the children of American fathers born without the jurisdiction of the United States, and has denied to them, what pertains to other American citizens, the right of transmitting citizenship to their children unless they shall have made themselves residents of the United States.

In the dissenting opinion, the Chief Justice was more specific. At page 714 (18 S. Ct. 482) he said: "Section 1993 of the Revised Statutes provides that children so born 'are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States.' Thus a limitation is prescribed on the passage of citizenship by descent beyond the second generation if then surrendered by permanent nonresidence, and this limitation was contained in all the acts from 1790 down."

Again, at page 722 (18 S. Ct. 485) he said: "By section 1993 of the Revised Stat-

utes, the citizenship of the children of our citizens born abroad 'may be terminated in that generation by their persistent abandonment of their country"

In accordance with these views, it would seem that the rights of citizenship of the appellee would only terminate by the death of his father without having become a resident of the United States, and, as the father became a resident of the United States during his lifetime and now resides here, the rights of his son as a citizen of the United States have become fixed, and his right to enter the United States follows therefrom as a matter of course. `

The order of the court below is therefore affirmed.