**JOHNSON, Commissioner of Immigration, v. SULLIVAN.**

(Circuit Court of Appeals, First Circuit. November 16, 1925.)

No. 1889.

Citizens ⬤⇒9—Foreign-born son of citizen who had not resided in the United States held entitled to entry as citizen.

Foreign-born son of citizen, who before son's birth had never resided in United States, *held*, under Rev. St. § 1993 (Comp. St. § 3947), entitled to entry as citizen, where father subsequently took up residence in United States.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Habeas corpus proceeding by John G. Sullivan, on the relation of Dea Gim Moy, against John P. Johnson, United States Commissioner of Immigration. From an order allowing the writ, the Commissioner appeals. Affirmed.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellant.

A. Warner Parker, of Washington, D. C. (John G. Sullivan, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This habeas corpus case involves a single question—whether Dea Gim Moy is an American citizen. His grandfather, Dea Quong Jew, was an American citizen, born in this country. His father, Dea Len Suey, was born in China, and there remained until 1923, when he came to this country, where he has since resided. His citizenship is conceded. The appellee, Dea Gim Moy, was born in China, October 16, 1907. On his arrival at Boston on July 6, 1924, to join his citizen father, he was excluded by the immigration authorities on the ground that he was not an American citizen.

The case turns on the construction of Rev. St. § 1993 (Comp. St. § 3947), which reads as follows:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

The immigration authorities ruled that, as Dea Gim Moy's father had not at the time of the applicant's birth resided in the United States, the applicant was an alien, and therefore inadmissible under the Immigration Act of 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn).

The court below ruled that the applicant had the right to enter the United States under the terms of this section, and the commissioner appealed. We think the decision below was right, and that the judgment should be affirmed.

This exact question was before the Court of Appeals for the Ninth Circuit in Weedin v. Chin Bow, and that court, in an opinion filed August 3, 1925, 7 F.(2d) 369, reached the same conclusion as did the court below. A like result was reached by the Supreme Court of Iowa in 1876 in State v. Adams, 45 Iowa, 99, 24 Am. Rep. 760. No decision to the contrary is cited or known to this court.

A leading case on citizenship, its basis and incidents, is United States v. Wong Kim

Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890. On pages 672–674 of that learned opinion by Mr. Justice Gray (18 S. Ct. 456) are stated the origin and history of Rev. St. § 1993.

This statute was, in a slightly different form, enacted by our first Congress. Act March 26, 1790, c. 3, 1 Stat. 103. It took its present form in 1855. 10 Stat. 604 (Comp. St. §§ 3947, 3948). It is no part of our Chinese exclusion laws; the policy of those laws throws no light on its proper construction. It must be construed in its general relation to American-born citizens, who, for business or other reasons, are on foreign soil when their children are born. It undertakes to extend the rights of citizenship to the foreign-born descendants of native-born citizens—a limited recognition of the doctrine of jus sanguinis, as distinguished from jus soli. Compare United States v. Wong Kim Ark, 169 U. S. 691, 18 S. Ct. 456, 42 L. Ed. 890; Cockburn, Nationality, 7. But, if the second generation is permanently non-resident, such citizenship by descent ceases. Compare United States v. Wong Kim Ark, 169 U. S. 714, 18 S. Ct. 456, 42 L. Ed. 890. If Congress had intended citizenship should only descend to children whose fathers had had prior residence in the United States, it would naturally have made the proviso read:

"But the rights of citizenship shall not descend to children whose fathers had not resided in the United States prior to the birth of such children."

The judgment of the District Court is affirmed.