Ex parte WONG SUEY SEM.

District Court, W. D. Washington, N. D.
June 2, 1927.

No. 11565.

1. Citizens ⊙⟶9—Son of citizen may not be excluded because father at time of birth had not resided in United States (Comp. St. § 3947).

Applicant, seeking admission under Rev. St. § 1993 (Comp. St. § 3947), as the son of a citizen, may not be excluded because, at time of son's birth, he had not resided in the United States.

2. Habeas corpus ⊙⟶92(1)—District Court has no jurisdiction of habeas corpus by one seeking admission, in case evidence sustains exclusion (Comp. St. § 3947).

Jurisdiction of District Court of habeas corpus by one seeking admission, under Rev. St. § 1993 (Comp. St. § 3947), as a son of a United States citizen, ends in case there is any evidence to sustain exclusion.

3. Aliens ⊙⟶32(13)—Evidence held to support exclusion of one seeking admission as son of citizen (Comp. St. § 3947).

Evidence *held* to support exclusion of applicant seeking admission, under Rev. St. § 1993 (Comp. St. § 3947), as the son of United States citizen.

Habeas Corpus. Application for writ by Wong Suey Sem to avoid order of exclusion. Writ denied.

Hugh C. Todd, of Seattle, Wash., for petitioner.

Thos. P. Revelle, U. S. Dist. Atty., and C. T. McKinney, Asst. U. S. Dist. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. The applicant, seeking admission under section 1993, R. S. (Comp. St. § 3947), as the son of Wong Choon Gwan, was excluded on the ground (a) that his relationship to his alleged father is not established; and (b) that, if the relationship does exist, he is not a citizen, because the father, at the time of his birth, had not resided in the United States.

[1] The second ground of exclusion is disposed of by the decision of this court in Re Chin Bow, affirmed (C. C. A.) 7 F.(2d) 369.

[2] Is there any evidence to sustain exclusion? If so, the court's jurisdiction ends. The evidence in this case no doubt tends to establish that the alleged father had born to him twin boys while he was in the United States. The applicant, it is contended, is not one of these boys. The photograph of the applicant, the uncle, brother of the alleged father, says is not the photograph of any of his nephews. The applicant likewise discloses almost total ignorance of his ancestors, while the testimony tends to establish that the members of the family lived in the same house with the grandfather.

It is contended on the part of the government that the applicant is, in fact, Wong Do Hing; that in Boston file No. 2500/5370, made a part of the record, an attempt was made to enter Wong Do Hing as the son of a native-born Chinese, deceased, and another having been admitted, prior to that time, as the son of the deceased citizen, the attempt was made to show that the admitted Chinese was an impersonator of Wong Do Hing, and that the alleged father of this applicant was a witness testifying in behalf of the applicant in that case, which failed, and that he now is seeking to enter Wong Do Hing as his son.

[3] An examination of the photograph of the applicant in this case and the photograph in Boston file No. 2500/5370, supra (Exhibit D), does show much similarity, especially in the ears, also the eyes, and the form and shape of the head. There is likewise a dissimilarity between the ears of the applicant and those of the alleged father, as well as in the form and shape of the head, and in the formation and various features of the face. This, and ignorance of family ancestors, whom Chinese worship, when the record discloses that the applicant must have known and must have seen his grandparents, if he is the son of the alleged father, and the evidence of the uncle that the photograph is not of the applicant, is substantial evidence to support exclusion.

Ignorance of ancestors is sought to be excused by the father, on the ground that he had some trouble with his father and had moved away when the applicant was small; but the testimony shows that the father of the alleged father of the applicant brought his two sons—the alleged father and his brother —to the United States, and they were admitted at the port of San Francisco, and there is likewise testimony of friendly relation existing in Connecticut, where the alleged father and the grandfather were located prior to the return to China of the alleged grandfather.

The board saw the applicant, and this court, from the condition of this record, cannot say that there is no evidence, and that the applicant was denied a fair hearing. The writ is denied.